Booth, Ohief Justice,
delivered the opinion of the court:
The plaintiff is a copartnership, with its principal place of business at New Orleans, La. The Government, after the close of the war, offered for sale through catalogue advertisement 28,790 ea. overalls, listed as “ Denim, blue and brown, unused.” The actual sale occurred on April 27, 1923, on which date the plaintiff bid for the lot the sum of 88% cents per pair, or a total purchase price of $25,542.25. The bid was accepted and the terms of sale complied with. The facts, about which there is no dispute, are that the auctioneer on the date of sale exhibited to bidders two unused pairs of denim overalls, one pair of blue and the other brown.in color. *428 The plaintiff made a superficial inspection of the merchandise prior to the bid, but did not inspect the entire contents of the nailed cases and packed bales containing the same. Subsequent to the completion of the sale and the payment of the purchase price the plaintiff discovered that the goods were not in all respects in accord with the exhibited samples; many pairs of overalls were gray in color and a vast number of inferior quality and grade. Plaintiff seasonably protested to the officers against the conditions found and preferred a •claim for reimbursement of its loss. This suit seeks to recover a judgment for the amount of the loss. Plaintiff sold .all the merchandise at a loss. To invoke the jurisdiction of this court, plaintiff must establish a breach of contract of :sale. The terms of sale, abstracted from the penciled cata-logue, stated, among other drastic jn’ovisions, as follows: “ All property will be sold ‘ as is ’ at storage point, without warranty or guaranty as to quality, character, condition, size, color, weight, or kind, or that the same is in condition or fit to be used for the purpose for which it was originally intended or may be intended or desired to be used by the purchaser.” Assuredly this was a sufficient warning to a prospective bidder that the Government was unwilling to assume any responsibility for the sale of the merchandise offered. The contract is replete with express reservations notifying the prospective purchaser that the sale was one wherein the Government offered the merchandise in its then present condition without the slightest intent of guaranteeing the goods in any respect whatever. The plaintiff was afforded complete opportunity to inspect and does not disavow knowledge of the terms of sale. Under the circumstances the court is left no other alternative than to dismiss the petition. The case falls within the decision of this court in Triad Corporation v. United States, 63 C. Cls. 151, and authorities therein cited.
The petition will be dismissed. It is so ordered.
SiNNOtt, Judge; GkeeN, Judge; Moss, Judge'; and Gea-ham, Judge, concur.